**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **ALEJANDRO ARCEO, et al.,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **ALFREDO MOISES ORTA,** | § | **Civil Action No. 3:16-CV-3197-D** |
| **INDIVIDUALLY AND D/B/A FOUR** | § | |
| **DIAMOND STAFFING AND FIVE STAR** | § | |
| **SERVICES, AND OMNI HOTELS** | § | |
| **MANAGEMENT CORPORATION,** | § | |
| | § | |
| **Defendants.** | § | |

---

**DEFENDANT OMNI HOTELS MANAGEMENT CORPORATION'S
RESPONSE TO PLAINTIFFS' MOTION FOR CONDITIONAL
CLASS CERTIFICATION AND NOTICE TO POTENTIAL PLAINTIFFS**

---

John B. Brown
Texas Bar No. 00793412
john.brown@ogletreedeakins.com
Jeremy W. Hays
Texas Bar No. 24083156
jeremy.hays@ogletreedeakins.com

**OGLETREE, DEAKINS, NASH, SMOAK
& STEWART, P.C.**
500 Preston Commons
8117 Preston Road
Dallas, Texas  75225
(214) 987-3800
(214) 987-3927 (Fax)

**ATTORNEYS FOR DEFENDANT
OMNI HOTELS MANAGEMENT
CORPORATION**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ......................................................................................... ii

I.      INTRODUCTION .......................................................................................1

II.     FACTUAL BACKGROUND .........................................................................2

        A.      Four Diamond Provided Services to Omni from May to November 2013. ..............2

        B.      Plaintiffs Sued Orta in 2014 and Did Not Add Omni Until 2016. ..........................3

        C.      Plaintiffs Have Requested Conditional Certification. ...............................................4

III.    ARGUMENTS AND AUTHORITIES ............................................................4

        A.      The Court Should Not Conditionally Certify the Requested Class. ........................4

                1.      Legal standard for conditional certification. .................................................4

                2.      The Court should deny the Motion because the proposed class
                        members' claims are time-barred. .................................................................6

                3.      The proposed class members are not similarly situated to Plaintiffs
                        or each other. ..................................................................................................8

        B.      Plaintiffs' Proposed Notice and Notice Procedure Are Improper. .........................9

                1.      The relevant time period extends back no more than 3 years, so
                        Omni should be excluded from the notice. .................................................10

                2.      The Court should permit distribution of the notice by U.S. first-
                        class mail only. .............................................................................................11

                3.      Omni should not be required to disclose contact information for
                        potential class members. .............................................................................12

                4.      Plaintiffs should not be allowed to send subsequent mailings. .................13

                5.      Plaintiffs' proposed 90-day opt-in period is too long. ...............................15

                6.      Omni's position should be adequately represented. ..................................15

                7.      The notice erroneously implies judicial sponsorship. .................................15

                8.      The language of the notice should be neutral. ...........................................16

IV.     CONCLUSION ..........................................................................................17

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Altiep v. Food Safety Net Services, Ltd.*,
No. 3:14-CV-00642-K, 2014 WL 4081213 (N.D. Tex. Aug. 18, 2014) ..........................11, 12

*Badgett v. Tex. Taco Cabana, L.P.*,
No. H-05-3624, 2006 WL 2934265 (S.D. Tex. Oct. 12, 2006) .................................................5

*Barnett v. Countrywide Credit Indus., Inc.*,
No. 3:01-CV-1182-M, 2002 WL 1023161 (N.D. Tex. May 21, 2002) ...................................11

*Behnken v. Luminant Mining Co.*,
997 F. Supp. 2d 511 (N.D. Tex. 2014) ....................................................................5, 8, 10, 13

*Calderon v. Geico Gen. Ins. Co.*,
No. RWT 10CV19582011, WL 98197 (D. Md. Jan. 12, 2011).............................................14

*Castro v. Spice Place, Inc.*,
No. 07 Civ. 4657, 2009 WL 229952 (S.D.N.Y. Jan. 30, 2009)................................................9

*Colozzi v. St. Joseph's Hospital Health Center*,
No. 5:08-CV-1220, 2009 WL 2045315 (N.D.N.Y. May 27, 2009) .......................................16

*DeKeyser v. ThyssenKrupp Waupaca, Inc.*,
No. 08-C-488, 2008 WL 5263750 (E.D. Wis. Dec. 18, 2008) ..............................................15

*Gee v. Suntrust Mortgage Inc.*,
No. C-10-1509-RS, 2011 WL 722111 (N.D. Cal. Feb. 18, 2011)..........................................16

*Gerlach v. Wells Fargo & Co.*,
No. C 05-0585 CW, 2006 WL 824652 (N.D. Cal. March 28, 2006)................................15, 16

*Gjurovich v. Emmanuel's Marketplace, Inc.*,
282 F. Supp. 2d 101 (S.D.N.Y. 2003)...................................................................................16

*Greenwald v. Phillips Home Furnishings, Inc.*,
No. 4:08CV1128 CDP, 2009 WL 1025545 (E.D. Mo. April 15, 2009) ................................15

*H & R Block, Ltd. v. Housden*,
186 F.R.D. 399 (E.D. Tex. 1999)............................................................................................5

*Halferty v. Pulse Drug Co.*,
821 F.2d 261 (5th Cir. 1987), *modified on other grounds,* 826 F.2d 2 (5th Cir.
1987) ......................................................................................................................................7

*Harris v. Fee Transp. Servs.*,
    No. 3:05-cv-0077-P, 2006 WL 1994586 (N.D. Tex. May 15, 2006) ......................................5

*Hoffman-La Roche, Inc. v. Sperling*,
    493 U.S. 165 (1989) ......................................................................................... *passim*

*Jirak v. Abbott Labs., Inc.*,
    566 F. Supp. 2d 845 (N.D. Ill. 2008) ...................................................................16

*Judy Chou Chiung–Yu Wang v. Prudential Ins. Co. of Am.*,
    439 F. App'x 359 (5th Cir. 2011) ..........................................................................7

*Lopez v. Bombay Pizza Co.*,
    No. Civ. A. H-11-4217, 2012 WL 5397192 (S.D. Tex. Nov. 5, 2012) ...................13

*Lujan v. Cabana Mgmt., Inc.*,
    No. 10-CV-755 ILG, 2011 WL 317984 (E.D.N.Y. Feb. 1, 2011)............................8

*Martinez v. Cargill Meat Solutions*,
    265 F.R.D. 490 (D. Neb. 2009)............................................................................15

*McDonald v. Worldpac, Inc.*,
    No. 3:13-CV-4965-K, 2015 WL 12753533 (N.D. Tex. Sept. 8, 2015) ......................10, 12, 15

*Miles v. Illini State Trucking Co.*,
    No. 3:16-CV-0778-D, 2017 WL 86142 (N.D. Tex. Jan. 10, 2017)................................5, 8, 10

*Page v. Nova Healthcare Mgmt., L.L.P.*,
    No. Civ. A. H-12-2093, 2013 WL 4782749 (S.D. Tex. Sept. 6, 2013) ...................13

*Perez v. De Domenico Pizza & Rest., Inc.*,
    204 F. Supp. 3d 494 (E.D.N.Y. 2016) ...............................................................7, 10

*Quintanilla v. A & R Demolition Inc.*,
    No. Civ. A. H-04-1965, 2006 WL 1663739 (S.D. Tex. June 13, 2006)...................6

*Ramos v. Platt*,
    No. 1:13-CV-8957-GHW, 2014 WL 3639194 (S.D.N.Y. July 23, 2014) ..........................7, 10

*Sharpe v. APAC Customer Servs., Inc.*,
    No. 09-cv-329-bbc, 2010 WL 1292154 (W.D. Wis. Mar. 29, 2010) .....................13

*Smallwood v. Ill. Bell Tel. Co.*,
    710 F. Supp. 2d 746 (N.D. Ill. May 6, 2010).......................................................14

*Switzer v. Wachovia Corp.*,
    No. Civ. A. H-11-1604, 2012 WL 3685978 (S.D. Tex. Aug. 24, 2012) .............................7, 8

*Tolentino v. C&J Spec–Rent Servs. Inc.*,
    716 F. Supp. 2d 642 (S.D. Tex. 2010) ...................................................................10

*Villarreal v. St. Luke's Episcopal Hosp.*,
    751 F. Supp. 2d 902 (S.D. Tex. 2010) ...................................................................11

*Virgen v. Conrad Indus., Inc.*,
    No. Civ. 6:15-0465, 2015 WL 6692120 (W.D. La. Nov. 3, 2015) ...........................8

*Wajcman v. Hartman & Tyner, Inc.*,
    No. 07-61472-CIV, 2008 WL 203579 (S.D. Fla. Jan. 23, 2008) .............................16

*Williams v. Long*,
    585 F. Supp. 2d 679 (D. Md. 2008) .......................................................................15

*Witteman v. Wis. Bell, Inc.*,
    No. 09-cv-440-vis, 2010 WL 446033 (W.D. Wis. Feb. 2, 2010) .............................14

*Wlotkowski v. Mich. Bell Tel. Co.*,
    267 F.R.D. 213 (E.D. Mich. April 16, 2010) ..........................................................14

**Statutes**

29 U.S.C. § 216 .................................................................................................................4, 5

29 U.S.C. § 255 ....................................................................................................................6

29 U.S.C. § 256 .................................................................................................................6, 10

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **ALEJANDRO ARCEO, et al.,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 3:16-CV-3197-D** |
| | § | |
| **ALFREDO MOISES ORTA,** | § | |
| **INDIVIDUALLY AND D/B/A FOUR** | § | |
| **DIAMOND STAFFING AND FIVE STAR** | § | |
| **SERVICES, AND OMNI HOTELS** | § | |
| **MANAGEMENT CORPORATION,** | § | |
| | § | |
| **Defendants.** | § | |

**DEFENDANT OMNI HOTELS MANAGEMENT CORPORATION'S
RESPONSE TO PLAINTIFFS' MOTION FOR CONDITIONAL
CLASS CERTIFICATION AND NOTICE TO POTENTIAL PLAINTIFFS**

Defendant Omni Hotels Management Corporation ("Omni") hereby submits its Response to Plaintiffs' Motion for Conditional Class Certification and Notice to Potential Plaintiffs [ECF No. 19] (the "Motion").

## I.   INTRODUCTION

Plaintiffs originally brought this action against Defendant Alfredo Moises Orta in Texas state court in December 2014.  Plaintiffs alleged that Orta allegedly operated one or more staffing agencies that supplied housekeeping services to hotels in the Dallas area.  Plaintiffs asserted that Orta violated the Fair Labor Standards Act ("FLSA") by failing to properly compensate them for overtime hours they worked.

On October 11, 2016, nearly two years after filing the case, Plaintiffs added Omni as a defendant.  A company operated by Orta—Four Diamond Staffing ("Four Diamond")—provided housekeeping services to a hotel operated by Omni in downtown Dallas from May to November

2013.  When Plaintiffs added Omni to the case, the thee-year statute of limitations had already

run on all FLSA claims based on allegedly improper payments made to Plaintiffs before October

11, 2013.  Since that time, the limitations period has expired as to all possible claims against

Omni.  Notwithstanding that no new timely claims exist, Plaintiffs ask the Court to conditionally

certify a class of potential plaintiffs that specifically includes individuals who were "assigned to

work for Omni."  Motion at 14.  The Court should, in its discretion, refuse to certify the class

because certification of a class of individuals with untimely claims would be futile and a waste of

the Court's and the parties' resources.  If the Court does certify a class, it should limit notice only

to individuals whose claims accrued within the three-year period prior to the date on which the

Court decides this Motion and otherwise limit that notice as described below.

## II.   FACTUAL BACKGROUND

**A.       Four Diamond Provided Services to Omni from May to November 2013.**

For less than seven months in 2013, Four Diamond provided staffing services to Omni.

Omni and Four Diamond entered into a Service Agreement with an effective date of January 1,

2013—though the agreement was not fully executed until April 26, 2013.  Ex. 1, Decl. of

Bethany Gillam ¶ 2, App. 4; Ex. 2, Service Agreement, App. 7-12.  The contract had a term of

one year.  Ex. 2, Service Agreement, App. 7.  The Service Agreement contemplated that Four

Diamond would provide Omni with certain services at Omni's downtown Dallas hotel.  *Id*.

Though Four Diamond agreed to provide various services for Omni, Four Diamond ultimately

provided only housekeeping services at Omni's hotel.  Ex. 1, Gillam Decl. ¶ 3, App. 4.

Four Diamond first provided services to Omni on approximately May 4, 2013.  Ex. 1,

Gillam Decl. ¶ 4, App. 4.  Omni did not create or maintain records for the Four Diamond

employees who provided those services, including contact information related to these

individuals. *Id*. Omni relied on Four Diamond to keep track of its employees' hours and to pay them as required by law. *Id*. Omni did not supervise the workers employed by Four Diamond. *Id*., App. 4-5. The parties' agreement provided that Four Diamond was to pay any overtime wages directly to workers who accrued overtime hours and was to invoice Omni for those payments. Ex. 2, Service Agreement, App. 10. They agreed that "there will be no common personnel records between [Four Diamond] and [Omni]." *Id*., App. 9.

In November 2013, Omni decided to discontinue its relationship with Four Diamond and stopped asking Four Diamond to provide services. Ex. 1, Gillam Decl. ¶ 5, App. 5. The last invoice Omni received from Four Diamond is dated November 19, 2013 and covers work performed through November 15, 2013. *Id*. Omni issued a check to Four Diamond for this invoice on December 12, 2013. *Id*. Omni did not offer to renew its contract with Four Diamond, and the Service Agreement expired by its own terms on January 1, 2014. *Id*. at ¶ 6, App. 5.

**B.      Plaintiffs Sued Orta in 2014 and Did Not Add Omni Until 2016.**

Plaintiffs filed this action in Texas state court on December 1, 2014. Ex. B-2 to Def.'s Notice of Removal [ECF No. 1-3] at 36. The only defendant at that time was Orta, both in his individual capacity and as an alter ego of Four Diamond and of another entity, Five Star Services. *Id*. Plaintiffs alleged that Orta, since September 8, 2013, had violated the FLSA, among other things, by failing to properly compensate his employees for hours they worked in excess of 40 per workweek and by failing to keep and preserve adequate records. *Id*. at 44. Plaintiffs worked for Orta at Omni's hotel and also at a hotel unrelated to Omni. *See* Decl. of Maria Felipa Diaz [ECF No. 19-1] ¶ 3; Ex. 1, Gillam Decl. ¶ 8, App. 5.

Orta apparently never responded to the lawsuit. Plaintiffs obtained an interlocutory default judgment against Orta on June 1, 2015. Ex. B-31 to Def.'s Notice of Removal [ECF No.

1-5] at 134.   On October 11, 2016, Plaintiffs amended their pleading and added Omni as a defendant for the first time.   Ex. B-50 to Def.'s Notice of Removal [ECF No. 1-6] at 184.   Omni answered in state court on November 16, 2016.   Ex. B-55 to Def.'s Notice of Removal [ECF No. 1-6] at 210.   Omni removed the case to this Court on the same date.   Def.'s Notice of Removal [ECF No. 1].   The Clerk entered a default against Orta on April 3, 2017.   Clerk's Entry of Default [ECF No. 16].   The Court entered a default judgment against Orta the same day. Interlocutory Default Judgment [ECF No. 17].

**C.** **Plaintiffs Have Requested Conditional Certification.**

Plaintiffs have now moved for conditional certification of the following class: "All current and former housekeepers employed by Orta at hotels located in the Dallas/Fort Worth area, including those assigned to work for Omni."   Motion at 14.   They seek an order requiring "all Defendants to disclose not only the names, but also the last known addresses, and email addresses" of the potential class members.   *Id.*   They further ask that the Court order that notice of this action and opt-in consent forms be sent to the proposed class members by various means and that Defendants post the notice and consent forms in each of their "locations that employ housekeepers."   *Id.*   Omni opposes each of these requests for the reasons set out below.

### III.   ARGUMENTS AND AUTHORITIES

**A.** **The Court Should Not Conditionally Certify the Requested Class.**

*1.*      *Legal standard for conditional certification.*

The FLSA provides for collective actions but specifies that "[n]o employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought."   29 U.S.C. § 216(b).   The FLSA itself does not provide for conditional certification or the distribution of judicially

approved notice to putative plaintiffs.  *See* 29 U.S.C. § 216; *see also Hoffman-La Roche, Inc. v. Sperling*, 493 U.S. 165, 176 (1989) (Scalia, J., dissenting).  However, the Supreme Court has recognized that district courts "have discretion, in appropriate cases, to implement 29 U.S.C. § 216(b) . . . by facilitating notice to potential plaintiffs."  *Hoffman-La Roche*, 493 U.S. at 169.

A court has discretion as to whether or not to certify a collective action.  "[N]otice is by no means mandatory," and "the relevant inquiry in each particular case is whether it would be appropriate to exercise such discretion."  *Harris v. Fee Transp. Servs.*, No. 3:05-cv-0077-P, 2006 WL 1994586, at *2 (N.D. Tex. May 15, 2006).  Most courts, including this Court, apply a two-stage test for certification:

> Under this test, the court first determines whether plaintiffs have provided sufficient evidence of similarly-situated potential plaintiffs to warrant court-facilitated notice.  If they have, the court conditionally certifies the class and facilitates notice to the potential plaintiffs.  Second, the court reexamines the class after notice, time for opting-in, and discovery have taken place, typically in response to defendant's motion.

*Miles v. Illini State Trucking Co.*, No. 3:16-CV-0778-D, 2017 WL 86142, at *2 (N.D. Tex. Jan. 10, 2017) (quoting *Behnken v. Luminant Mining Co.*, 997 F. Supp. 2d 511, 515 (N.D. Tex. 2014)).

The plaintiff bears the burden of proof on a motion for conditional certification and must persuade the court with admissible evidence not only that similarly situated individuals exist, but also that sending notice to these individuals is a worthwhile exercise of the Court's discretion. *See, e.g., Badgett v. Tex. Taco Cabana, L.P.*, No. H-05-3624, 2006 WL 2934265, at *1-2 (S.D. Tex. Oct. 12, 2006) (citing *H & R Block, Ltd. v. Housden*, 186 F.R.D. 399, 400 (E.D. Tex. 1999). "[C]ourts have a responsibility to avoid the stirring up of litigation through unwarranted solicitation.  The court must ensure that an employer is not unduly burdened by a frivolous fishing expedition." *Miles*, 2017 WL 86142, at *2 (quoting *Behnken*, 997 F. Supp. 2d at 515).

2.     *The Court should deny the Motion because the proposed class members' claims are time-barred.*

Before even considering whether similarly situated employees exist, the Court should deny Plaintiffs' Motion because, as a threshold matter, there are no potential class members who could assert a timely claim against Omni for unpaid overtime.  An FLSA cause of action "may be commenced within two years after the cause of action accrued, and every such action shall be forever barred unless commenced within two years after the cause of action accrued, except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued."  29 U.S.C. § 255.  In an FLSA collective action, the limitations period is calculated from the time a plaintiff files his or her opt-in consent form.  *Id*. § 256. Accordingly, under the plain language of the statute, the claims of any prospective plaintiff who failed to file a written consent with the court within two years of the alleged unlawful action (or three years if a willful violation occurred) are barred.  *See, e.g.*, *Quintanilla v. A & R Demolition Inc.*, No. Civ. A. H-04-1965, 2006 WL 1663739, at *1 (S.D. Tex. June 13, 2006) ("For each plaintiff who opts in to the case after the filing of the complaint, the action is not considered commenced for purposes of the statute of limitations until the date on which the plaintiff's written consent is filed with the court.").

As explained above, Omni did not rely on Four Diamond to provide services after November 2013.  Ex. 1, Gillam Decl. ¶ 5, App. 5.  According to Omni's records, the last date on which a Four Diamond employee worked at Omni's hotel was November 15, 2013, and Omni issued a check to Four Diamond for that invoice on December 12, 2013.[1]  *Id*.  The latest any

---

[1] For the most part, Plaintiffs' declarations are in accord with Omni's records.  Two Plaintiffs, however, have testified that they worked at Omni's hotel until December 2013.  Decl. of Blanca Mancia [ECF No. 19-4] ¶ 2; Decl. of Dina Elizabeth Palacios [ECF No. 19-8] ¶ 2.  Omni has no record of any worker employed by Four Diamond working at Omni's hotel after November 15, 2013 and accordingly believes that this testimony is based on

overtime claim could have accrued at Omni's hotel is in November or December 2013.  *See Judy Chou Chiung–Yu Wang v. Prudential Ins. Co. of Am.,* 439 F. App'x 359, 365 n.3 (5th Cir. 2011) ("A cause of action accrues at each regular payday immediately following the work period during which the services were rendered for which the wage or overtime compensation is claimed." (quoting *Halferty v. Pulse Drug Co.,* 821 F.2d 261, 271 (5th Cir. 1987), *modified on other grounds,* 826 F.2d 2 (5th Cir. 1987))).  Even if a prospective plaintiff had evidence of a willful violation, which Omni denies, the plaintiff would need to have filed his or her written consent to join the case no later than November or December 2016.  All later-filed claims are time-barred.

Because the deadline to file timely claims has passed, sending notice as requested by Plaintiffs would not be a worthwhile exercise of the Court's discretion.  As one court in this Circuit concluded when no timely FLSA claims remained, "[a] class certified now would be useless."  *Switzer v. Wachovia Corp.*, No. Civ. A. H-11-1604, 2012 WL 3685978, at *5 (S.D. Tex. Aug. 24, 2012) (refusing to certify class of time-barred claims).  Courts in other districts have also recognized that alerting individuals to claims they cannot validly assert is futile.  *E.g.*, *Perez v. De Domenico Pizza & Rest., Inc.*, 204 F. Supp. 3d 494, 496 (E.D.N.Y. 2016) ("As to potential plaintiffs who are time-barred from relief under the FLSA, there is no purpose in sending such employees a notice informing them that (1) there is a pending opt-in lawsuit, (2) they may not opt in, and (3) they may later receive another notice should their status change due to class certification."); *Ramos v. Platt*, No. 1:13-CV-8957-GHW, 2014 WL 3639194, at *4

---

inaccurate recollections.  *See* Ex. 1, Gillam Decl. ¶ 5, App. 5.  Regardless, any claims of opt-in plaintiffs who last worked at Omni's hotel in December 2013 would be time-barred.  One Plaintiff claims to have worked at Omni's hotel until October 2014.  Decl. of Antonia Perez [ECF No. 19-9] ¶ 2.  Omni believes that this is a typographical error and that this Plaintiff—in accordance with the records Four Diamond provided to Omni—ceased working at Omni's hotel in 2013, not 2014.  Ex. 1, Gillam Decl. at ¶ 7, App. 5.

(S.D.N.Y. July 23, 2014) ("Because the only purpose of permitting notice in these circumstances is to 'notify and inform those eligible to opt in to the collective action,' there is 'no purpose' in sending notice to employees whose claims would be time-barred under the FLSA." (quoting *Lujan v. Cabana Mgmt., Inc.*, No. 10-CV-755 ILG, 2011 WL 317984, at *9 (E.D.N.Y. Feb. 1, 2011))). The Court should therefore deny Plaintiffs' Motion because "the issue of conditional certification is moot." *Switzer*, 2012 WL 3685978, at *5.

       3.      *The proposed class members are not similarly situated to Plaintiffs or each other.*

Before granting a motion for conditional certification, a court "determines whether plaintiffs have provided sufficient evidence of similarly-situated potential plaintiffs to warrant court-facilitated notice." *Miles*, 2017 WL 86142, at *2 (quoting *Behnken*, 997 F. Supp. 2d 511 at 516). Here, potential opt-in plaintiffs are not similarly situated to Plaintiffs.

First, the proposed class includes individuals who worked at Omni's hotel and those who worked elsewhere. One Plaintiff, for instance, worked at a Homewood Suites hotel. Diaz Decl. [ECF No. 19-1] ¶ 3. This property has no relationship to Omni. Ex. 1, Gillam Decl. ¶ 8, App. 5. Any arrangement between Orta and the Homewood Suites hotel would have been based on a different contract with its own terms, conditions, and time period. Moreover, the conditions experienced by the workers at the two hotels would have been different, as would have been the policies, practices, and employees of the companies managing the two hotels. Based on the proposed class definition, other potential opt-in plaintiffs may have worked for yet other hotels with no relationship either to Omni or to Homewood Suites. These workers, of course, would have been subject to still more individualized conditions. Conditional certification is inappropriate under such circumstances. *See, e.g.*, *Virgen v. Conrad Indus., Inc.*, No. Civ. 6:15-0465, 2015 WL 6692120, at *9 (W.D. La. Nov. 3, 2015) (denying conditional certification of

proposed class consisting of workers performing labor for company, either directly or through staffing agencies, and noting that "each staffing agency signed separate contractual agreements with [the company] and had different business relationships with [the company]"); *Castro v. Spice Place, Inc.*, No. 07 Civ. 4657, 2009 WL 229952, at *3 (S.D.N.Y. Jan. 30, 2009) (denying conditional certification where defendants were six separate restaurants and plaintiffs had not shown that restaurants were joint employers or operated as single entity).

Second, Plaintiffs and the potential opt-in plaintiffs are not similarly situated in terms of the timeliness of their claims.  Plaintiffs have asserted claims against Omni that appear at least partially timely on their face—provided, of course, that Plaintiffs can demonstrate a willful violation by Omni.  As explained above, however, any opt-in plaintiff would *not* have a facially timely claim against Omni.  If a potential plaintiff were to have an argument that his facially untimely claim is not in fact barred, that argument would be unique to him or her and would need to be individually briefed by the parties and decided by the Court.[2]  Such individual inquiries are not appropriate for class treatment.  Accordingly, the Court should not conditionally certify a class in this case.

## B.      Plaintiffs' Proposed Notice and Notice Procedure Are Improper.

Omni contends that conditional certification of this action is not appropriate.  If, however, the Court grants conditional certification, the Court should revise Plaintiffs' proposed notice and limit the proposed opt-in procedure.  Limitations on the content and extent of communications with putative plaintiffs are encouraged and even required.  In *Hoffman-La Roche*, the Supreme Court noted that judicial oversight can prevent potential misuse of collective actions.  493 U.S. at 171-72 ("By monitoring preparation and distribution of the notice, a court can ensure that it is

[2] Plaintiffs have provided no argument or evidence as to why a facially time-barred claim in this case may in fact be permissible.

timely, accurate, and informative."). The Court also recognized that a district court's discretion regarding notice is not "unbridled" and cautioned that notice "is distinguishable in form and function from the solicitation of claims." *Id*. at 174. "[C]ourts have a responsibility to avoid the stirring up of litigation through unwarranted solicitation," and "[t]he court must ensure that an employer is not unduly burdened by a frivolous fishing expedition." *Miles*, 2017 WL 86142, at *2 (quoting *Behnken*, 997 F. Supp. 2d 511 at 516). In this case, Plaintiffs' proposed notice and opt-in procedure are improper for several reasons.

      1.    *The relevant time period extends back no more than three years, so Omni should be excluded from the notice.*

Plaintiffs propose to send the notice and consent form to all current and former housekeepers who worked for Orta. Pls.' Notice of Minimum Wage/Overtime Lawsuit [ECF No. 19-13] at 1. As explained above, however, the statute of limitations continues to run until the filing of an opt-in consent. 29 U.S.C. § 256. Thus, notice should be limited to those housekeepers who performed work for Orta from, at the earliest, three years before the date the Court decides this Motion. *See, e.g.*, *McDonald v. Worldpac, Inc.*, No. 3:13-CV-4965-K, 2015 WL 12753533, at *5 (N.D. Tex. Sept. 8, 2015) ("The notice period should be for the three-year period prior to the date of this Order conditionally certifying the class."); *Tolentino v. C&J Spec–Rent Servs. Inc.*, 716 F. Supp. 2d 642, 654 (S.D. Tex. 2010) ("[C]lass certification is appropriately limited to workers employed by Defendant up to three years before this Court approves the notice."). Sending notice to all current and former employees would result in individuals with plainly untimely claims receiving notice and would unnecessarily stir up litigation and require dismissal of their claims. *See Perez*, 204 F. Supp. 3d at 496 (finding "no purpose" in sending notice to individuals with time-barred claims); *Ramos*, 2014 WL 3639194, at *4 (same). Furthermore, because no timely claims against Omni exist due to this appropriate

time limitation, the Court should also require that Plaintiffs remove all reference to Omni in the class definition.

    2.    *The Court should permit distribution of the notice by U.S. first-class mail only.*

Plaintiffs ask that the notice and consent forms be sent to potential plaintiffs by "mail (including, but not limited to United States mail, DHL, FedEx, United Parcel Service or other similar private delivery service), email, Facebook message, and a webpage solely dedicated to disseminating the notice."  Motion at 13.  Plaintiffs also ask that Defendants be required to post the notice and consent forms "at each of Defendants' offices and locations that employ housekeepers."  *Id.*  This request is overly broad.  Courts, including this Court, have routinely found that first class mail is the best manner for distributing notice in putative collective actions. *E.g.*, *Altiep v. Food Safety Net Services, Ltd.*, No. 3:14-CV-00642-K, 2014 WL 4081213, at *6 (N.D. Tex. Aug. 18, 2014) (denying request to post notice and concluding that "[m]ailing the notice to potential plaintiffs offers adequate notice of their opportunity to participate in this case"); *Villarreal v. St. Luke's Episcopal Hosp.*, 751 F. Supp. 2d 902, 920 (S.D. Tex. 2010) ("Defendant need not post the notice and consent forms in a place where potential class members are likely to view them, as Plaintiff requests.   Notice by mail is sufficient under the circumstances of this case."); *Barnett v. Countrywide Credit Indus., Inc.*, No. 3:01-CV-1182-M, 2002 WL 1023161, at *2 (N.D. Tex. May 21, 2002) ("[N]otice to the potential class members, rather than also posting them at Defendants' [facility], is sufficient to provide the potential opt-in plaintiffs with notice of the suit.").  Plaintiffs have not articulated any reason why sending the notice by U.S. mail is not sufficient to inform the potential plaintiffs of their right to join this suit.  For instance, they have not shown that potential plaintiffs cannot receive notice by mail or that they would be unable to respond to mailed notices.  Accordingly, the Court should order

distribution by U.S. mail only. *See Altiep*, 2014 WL 4081213, at *6 (permitting distribution by mail only and noting that "Plaintiffs have shown no reason that sending a letter to a potential plaintiff's last known address would provide inadequate notice").

Moreover, it is particularly inappropriate and unnecessary for Omni to post any notice or consent form in this case. First, Omni has not used Four Diamond—or any other entity owned or operated by Orta—to provide services since November 2013, so potential class members would be very unlikely to see the notice. Second, if any potential class members were to see the notice at Omni's hotel, they might direct questions to management about the notice and seek advice regarding whether to opt into the lawsuit, thereby placing Omni in a difficult position that can easily be avoided by mailing notices instead. Third, a posting by Omni implies that Omni endorses the lawsuit, which it does not. Plaintiffs have not articulated any reason why posting the notice at the workplace or sending it by any other means than U.S. mail is necessary. Therefore, the Court should deny Plaintiffs' request and limit delivery of the notice to U.S. first-class mail.

> 3.   *Omni should not be required to disclose contact information for potential class members.*

The Court also should not order Omni to provide addresses, email addresses, or telephone numbers for the potential class members. As a practical matter, Omni does not have this information. Moreover, Omni does not maintain a "computer-readable data file" containing the potential plaintiffs' names, as Plaintiffs request. *See McDonald*, 2015 WL 12753533, at *6 (allowing defendant to produce information in written form if not electronically maintained).

Furthermore, neither Omni nor Orta should be required to disclose the potential plaintiffs' email addresses or telephone numbers. Names and addresses are sufficient to make sure the potential plaintiffs receive notice of this case. Providing Plaintiffs with additional

information, including the individuals' email addresses and phone numbers, invades those individuals' privacy. *See Behnken*, 2014 WL 585333, at *11 ("Because doing so will improve the accuracy of the notice, and, as a result, minimize undue delay, the court grants plaintiffs' request as to the names and last known addresses but denies it as to the telephone numbers. Consistent with its prior practice, the court concludes that the need for compelled disclosure of prospective class members' telephone numbers is outweighed by their privacy interests, and that there is no apparent reason to conclude that sending a letter to a person's last known address will be inadequate."); *Page v. Nova Healthcare Mgmt., L.L.P.*, No. Civ. A. H-12-2093, 2013 WL 4782749, at *7 (S.D. Tex. Sept. 6, 2013) (declining to order production of potential plaintiffs' telephone numbers "because of the highly private and sensitive nature of this information"). Plaintiffs have not offered any reason why additional contact information is necessary, so the Court should not require Defendants to produce it. *See Lopez v. Bombay Pizza Co.*, No. Civ. A. H-11-4217, 2012 WL 5397192, at *3 (S.D. Tex. Nov. 5, 2012) (declining to require defendant to produce telephone numbers because plaintiff "has not demonstrated any need for the additional information at this stage of this case").

### 4.     *Plaintiffs should not be allowed to send subsequent mailings.*

Plaintiffs' proposed notice fails to limit the number of written communications Plaintiffs may have with potential plaintiffs.  Omni requests that Plaintiffs' written communications with potential class members be limited to sending the approved notice via U.S. first-class mail on only one occasion, except in a case where a notice is returned due to an incorrect address.  This limitation is appropriate because court-authorized notice is intended to accomplish *notice*; once the members of the prospective collective class are aware of the litigation, "reminders" such as subsequent mailings of the notice serve no legitimate purpose.  *See Sharpe v. APAC Customer*

*Servs., Inc.*, No. 09-cv-329-bbc, 2010 WL 1292154, *2 (W.D. Wis. Mar. 29, 2010) (limiting plaintiff's written communications with potential class members to a one-time mailing of the approved notice); *Wlotkowski v. Mich. Bell Tel. Co.*, 267 F.R.D. 213, 220 (E.D. Mich. April 16, 2010); *Smallwood v. Ill. Bell Tel. Co.*, 710 F. Supp. 2d 746, 753-54 (N.D. Ill. May 6, 2010).

Rejecting the mailing of "reminder" notices, one court explained that "the reminder [notice] is unnecessary and potentially could be interpreted as encouragement by the court to join the lawsuit." *Witteman v. Wis. Bell, Inc.*, No. 09-cv-440-vis, 2010 WL 446033 *3 (W.D. Wis. Feb. 2, 2010). A single mailing of the notice accomplishes the purpose authorized by *Hoffman-La Roche*, wherein the Supreme Court held that notice procedures "must be scrupulous to respect judicial neutrality . . . and take care to avoid even the appearance of judicial endorsement of the merits of the action." 493 U.S. at 174. A single mailing will ensure that members of the prospective class receive formal court-authorized notice of these proceedings. *See Calderon v. Geico Gen. Ins. Co.*, No. RWT 10CV1958, 2011 WL 98197 *8 (D. Md. Jan. 12, 2011) (not permitting reminder notices because "[a] single notice . . . is more than sufficient to provide notice to the potential opt-in plaintiffs"). Any further communication with potential opt-in plaintiffs beyond the issuance of written notice would implicitly involve the Court in the encouragement of litigation, which *Hoffman-La Roche* certainly does not contemplate. 493 U.S. at 181 (Scalia, J., dissenting) ("'Stirring up litigation' was once exclusively the occupation of disreputable lawyers, roundly condemned by this and all American courts."). Accordingly, Omni requests that the Court order that any approved notice may be issued on one occasion and that it not be accompanied or followed by any additional correspondence, including subsequent mailings of the notice.

5.      *Plaintiffs' proposed 90-day opt-in period is too long.*

Omni objects to the proposed 90-day opt-in period.  Motion at 14.  Forty-five days is more than sufficient time for a notice period in this case.  *See McDonald*, 2015 WL 12753533, at *5 (allowing 45-day opt-in period); *accord, e.g.*, *Martinez v. Cargill Meat Solutions*, 265 F.R.D. 490, 501 (D. Neb. 2009) ("Forty-five days is sufficient time for putative plaintiffs to consider their options and, if desired, seek the assistance of outside counsel in deciding whether to join this lawsuit.") (citing *Greenwald v. Phillips Home Furnishings, Inc.*, No. 4:08CV1128 CDP, 2009 WL 1025545 (E.D. Mo. April 15, 2009) (45 days); *DeKeyser v. ThyssenKrupp Waupaca, Inc.*, No. 08-C-488, 2008 WL 5263750, at *6 (E.D. Wis. Dec. 18, 2008) (45 days); *Williams v. Long*, 585 F. Supp. 2d 679 (D. Md. 2008) (30 days)).

6.      *Omni's position should be adequately represented.*

Plaintiffs' proposed notice also fails to describe Omni's position in this matter.  To ensure that the notice is fair and accurate, Omni requests that the notice include the following language:  "Omni Hotels Management Corporation denies the allegations in the lawsuit and contends that it has not improperly paid any wages."  *See Gerlach v. Wells Fargo & Co.*, No. C 05-0585 CW, 2006 WL 824652, at *4 (N.D. Cal. March 28, 2006) (rejecting plaintiffs' description of lawsuit that failed to note that defendants denied wrongdoing).

7.      *The notice erroneously implies judicial sponsorship.*

Omni objects to Plaintiffs' proposed notice because it erroneously suggests judicial sponsorship.  Of particular concern is the Plaintiffs' use of the case caption.  The Supreme Court has cautioned that judicial neutrality in the court-authorized notice process is vital.  In fact, "trial courts must take care to avoid *even the appearance of judicial endorsement* of the merits of the action."  *Hoffman-LaRoche*, 493 U.S. at 174 (emphasis added).  Furthermore, communications to

putative plaintiffs should not carry the Court's imprimatur. *See id.* To this end, courts have rejected the inclusion of a court caption on the notice because it could be perceived as a judicial endorsement. *E.g.*, *Gerlach*, 2006 WL 824652, at *4; *see also Gee v. Suntrust Mortgage Inc.*, No. C-10-1509-RS, 2011 WL 722111, at *4 (N.D. Cal. Feb. 18, 2011); *Colozzi v. St. Joseph's Hospital Health Center*, No. 5:08-CV-1220, 2009 WL 2045315, at *5 (N.D.N.Y. May 27, 2009); *Wajcman v. Hartman & Tyner, Inc.*, No. 07-61472-CIV, 2008 WL 203579, at *2 (S.D. Fla. Jan. 23, 2008).

There is no purpose for including the caption other than to implicitly interject the Court's endorsement of the action. Such an improper purpose defies the Supreme Court's mandate that the notice be neutral and free from even the appearance of judicial endorsement. The information contained in the style of the case could be included in the notice without improperly attempting to persuade or mislead them by placing a formal Court caption at the top of the notice that could be seen as an official communication from this Court.

8.     *The language of the notice should be neutral.*

The language of the notice should be neutral. *See Gjurovich v. Emmanuel's Marketplace, Inc.*, 282 F. Supp. 2d 101, 108 (S.D.N.Y. 2003) (requiring plaintiff to insert language explaining that court had not made any determination about merits of case); *Hoffman-LaRoche*, 493 U.S. at 174 (noting that courts must "take care to avoid even the appearance of judicial endorsement of the merits of the action" and "must be scrupulous to respect judicial neutrality"). For this reason, Omni requests that Plaintiffs provide language at the beginning of the notice stating that "the Court has not taken any position on the merits of this action." *See Jirak v. Abbott Labs., Inc.*, 566 F. Supp. 2d 845, 851 (N.D. Ill. 2008) (holding that a proper notice must contain conspicuous language stating that Court has taken no position on merits).

## IV.
## <u>CONCLUSION</u>

For the foregoing reasons, Omni respectfully requests that the Court deny Plaintiffs'

Motion for Conditional Class Certification and Notice to Potential Plaintiffs.  In the event that

the Court permits certification, Omni requests that the Court modify Plaintiffs' proposed notice

and notice procedure as described above.  Omni further requests all other and further relief to

which it is justly entitled.

                                           Respectfully submitted,

                                           */s/ John B. Brown*
                                           John B. Brown
                                           Texas Bar No. 00793412
                                           john.brown@ogletreedeakins.com
                                           Jeremy W. Hays
                                           Texas Bar No. 24083156
                                           jeremy.hays@ogletreedeakins.com

                                           **OGLETREE, DEAKINS, NASH, SMOAK**
                                           **& STEWART, P.C.**
                                           500 Preston Commons
                                           8117 Preston Road
                                           Dallas, Texas  75225
                                           (214) 987-3800
                                           (214) 987-3927 (Fax)

                                           **ATTORNEYS FOR DEFENDANT**
                                           **OMNI HOTELS MANAGEMENT**
                                           **CORPORATION**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 19, 2017, I electronically transmitted this document to the Clerk of Court using the ECF system of filing, which will transmit a Notice of Electronic Filing to all counsel of record in this matter.

/s/ *John B. Brown*
John B. Brown

29819365.1