IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ALEJANDRO ARCEO, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | Civil Action No.  3:16-CV-3197-D |
| | § | |
| ALFREDO MOISES ORTA, | § | |
| INDIVIDUALLY AND D/B/A FOUR | § | |
| DIAMOND STAFFING AND FIVE | § | |
| STAR SERVICES, AND OMNI | § | |
| HOTELS MANAGEMENT | § | |
| CORPORATION, | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
AND ORDER

In this putative collective action seeking unpaid overtime pay under the Fair Labor

Standards Act ("FLSA"), plaintiffs move for conditional certification and court-facilitated

notice to potential class members, and they seek limited discovery of the names, last known

addresses, and email addresses of potential class members.  For the reasons that follow, the

court grants the motion for conditional certification and court-facilitated notice, and it grants

in part and denies in part plaintiffs' request for limited discovery.

I

Alejandro Arceo and several other plaintiffs bring this putative collective action

against defendants Alfredo Moises Orta, individually and d/b/a Four Diamond Staffing and

Five Star Services ("Orta"), and Omni Hotels Management Corporation ("Omni").  Plaintiffs

seek unpaid overtime pay under 29 U.S.C. § 216(b), a provision of the FLSA.[1]  The 15 named plaintiffs are housekeepers employed by Orta, 12 of whom were assigned to work at Omni's downtown Dallas hotel.  The other three plaintiffs worked for Orta at other local hotels, including Homewood Suites.  Ten of the named plaintiffs stated in declarations that "Orta did not pay me at all for some of the hours I worked," and "[w]hen I worked more than 40 hours in a week, I was not paid 1.5 times my regular rate of pay."  Decl. of George, Martinez, Mancia, Gonzales, Merino-Cruz, Mexicano, Palacios, Perez, Torres, Valentino.  Ten of the named plaintiffs also observed "Omni's Housekeeping Supervisor would review my work and was therefore aware of the hours I was working."  *Id*.  Although Omni paid Orta directly for the services of the plaintiff class, plaintiffs allege in their complaint that Omni and Orta acted as joint employers.

Plaintiffs move the court to conditionally certify this collective action and approve court-facilitated notice to a class defined as follows: "All current and former housekeepers employed by Orta at hotels located in the Dallas / Fort Worth area, including those assigned to work for Omni."  Ps. Mot. at 15.  In their reply to Omni's response, plaintiffs ask the court to limit the proposed class to "the period of three years prior to the granting of Plaintiffs' Motion."  Ps. Reply at 10.  They ask the court to approve the proposed notice and consent forms and to allow plaintiffs to send the forms by "mail . . . email, Facebook message, and

---

[1]This action was originally filed in Texas state court against only Orta.  After Orta failed to respond, plaintiffs obtained an interlocutory default judgment.  Plaintiffs amended their petition and added Omni as a defendant.  Omni answered in state court and removed the case to this court.

a webpage solely dedicated to disseminating the notice[.]" Ps. Mot. at 14.  Plaintiffs also ask that the court require defendants to post the notice and consent forms at each of their "locations that employ housekeepers."  *Id.* at 15.  To facilitate notice, plaintiffs further request that the court order defendants to produce "a computer-readable data file containing the names, all known addresses (including any addresses in home countries for any guest workers who are potential opt-in plaintiffs), all email addresses, all telephone numbers (home, mobile, etc.) of all the potential opt-in Plaintiffs" within ten days from the entry of the court's order.  *Id*. at 14.  Omni opposes the motion.

## II

The court must first decide whether plaintiffs have provided sufficient evidence of the existence of similarly-situated potential plaintiffs and whether a class should be conditionally certified.

## A

Section 216(b) of the FLSA authorizes a plaintiff to bring a collective action on behalf of similarly-situated persons, provided that any person who desires to become a part of the collective action files a written consent in court.  *See* 29 U.S.C. § 216(b).  When a plaintiff seeks to bring a collective action, a district court can in its discretion facilitate notice to potential plaintiffs of their right to opt in to the suit.  *Behnken v. Luminant Mining Co.*, 997 F.Supp.2d 511, 515 (N.D. Tex. 2014) (Fitzwater, C.J.) (citing *Hoffman-La Roche, Inc. v. Sperling*, 493 U.S. 165, 169 (1989); *Barnett v. Countrywide Credit Indus., Inc.*, 2002 WL 1023161, at *1 (N.D. Tex. May 21, 2002) (Lynn, J.) (applying *Hoffman-La Roche* to FLSA

context)).  "Although the Fifth Circuit has declined to adopt a specific test to determine when

courts should exercise their discretion to facilitate notice or certify a collective action, this

court has adopted the prevailing two-stage test."  *Behnken*, 997 F.Supp.2d at 515 (citing

*Aguilar v. Complete Landsculpture, Inc.*, 2004 WL 2293842, at *1 (N.D. Tex. Oct. 7, 2004)

(Fitzwater, J.) (adopting prevailing standard)); *see also Sandoz v. Cingular Wireless LLC*,

553 F.3d 913, 915 n.2 (5th Cir. 2008) (noting that collective actions are "typically" analyzed

this way); *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1216 (5th Cir. 1995) (declining to

adopt specific standard, but finding no abuse of discretion where district court applied

prevailing standard), *overruled on other grounds by Desert Palace, Inc. v. Costa*, 539 U.S.

90, 90-91 (2003); *Valcho v. Dall. Cnty. Hosp. Dist.*, 574 F.Supp.2d 618, 621-22 (N.D. Tex.

2008) (Fitzwater, C.J.) (reaffirming decision in *Aguilar*).

Under this test, the court first determines whether plaintiffs have provided sufficient

evidence of similarly-situated potential plaintiffs to warrant court-facilitated notice. *Aguilar*,

2004 WL 2293842, at *1.  If they have, the court "conditionally certifies" the class and

facilitates notice to the potential plaintiffs.  *Id*.  Second, the court reexamines the class after

notice, time for opting in, and discovery have taken place, typically in response to

defendant's motion.  *Id*.  If the court finds that the class is no longer made up of

similarly-situated persons, it decertifies the class.  *Id*.  "To establish that employees are

similarly situated, a plaintiff must show that they are similarly situated with respect to their

job requirements and with regard to their pay provisions.  The positions need not be identical,

but similar."  *Id*. (internal citation and quotation marks omitted).

The court is generally more "lenient" with regard to substantial similarity during the "notice" stage of the analysis, *id*. at *2, but "notice is by no means mandatory." *Harris v. Fee Transp. Servs., Inc.*, 2006 WL 1994586, at *2 (N.D. Tex. May 15, 2006) (Solis, J.) (citing *Hall v. Burk*, 2002 WL 413901, at *2 (N.D. Tex. Mar. 11, 2002) (Sanders, J.)). "[T]he relevant inquiry in each particular case is whether it would be appropriate to exercise [the court's] discretion" to facilitate notice. *Id*. A primary reason for exercising this discretion is to ensure that the joining of other parties occurs in an "orderly, sensible, . . . efficient and proper way." *See Hoffmann-La Roche*, 493 U.S. at 170-71. The use of court-facilitated notice can ensure that information is timely, accurate, and informative, and it can also guard against abuse by misleading communications. *Id*. at 171-72. The parties and the court can benefit from settling disputes about the content of the notice before it is distributed, because it may avoid the need to cancel consents obtained in an improper manner. *Id*. at 172.

B

In this case, it is undisputed that plaintiffs perform similar job duties for similar pay. But Omni argues that plaintiffs are not similarly situated because they worked at different hotels, so they were subject to different policies and practices that are too individualized for conditional certification to be appropriate.

The court is unpersuaded by Omni's argument. To succeed at this stage of certification, plaintiffs are not necessarily required to provide a substantial allegation that the potential class members were subject to a common decision, policy, or plan. *See Behnken*,

997 F.Supp.2d at 518 n.4 (citation omitted) ("The court notes that other courts have suggested that an allegation of a common decision, policy, or plan may not be required under § 216(b)."). But in this case, plaintiffs have made substantial allegations of such a policy or plan.

Plaintiffs each aver that defendants did not pay them overtime for work in excess of 40 hours per week. In their declarations plaintiffs do not describe the exact scenarios under which Orta and Omni failed to pay overtime compensation to housekeepers. But no matter what method defendants allegedly used to deny overtime compensation to housekeepers, each was allegedly part of a single policy or plan, applied to all potential class members, not to pay for overtime work. *See Ryan v. Staff Care, Inc.*, 497 F.Supp.2d 820, 825 (N.D. Tex. 2007) (Fish, C.J.) (quoting *Donohue v. Francis Servs., Inc.*, 2004 WL 1161366, at *1 (E.D. La. May 24, 2004)) ("A court may deny a plaintiff's right to proceed collectively only if the action arises from circumstances purely personal to the plaintiff, and not from any generally applicable rule, policy, or practice."); *see also Tice v. AOC Senior Home Health Corp.*, 826 F.Supp.2d 990, 996 n.2 (E.D. Tex. 2011) (holding that plaintiffs presented sufficient evidence of single, decision, policy, or plan where they demonstrated that they were not paid overtime for work in excess of 40 hours per week).

"Although the need for individual testimony may become apparent at a later stage of this lawsuit, it does not negate that plaintiffs have presented a 'factual nexus' that binds the named plaintiffs and the potential class members." *Behnken*, 997 F.Supp.2d at 521 (citing *Proctor v. Allsups Convenience Stores, Inc.*, 250 F.R.D. 278, 280 (N.D. Tex. 2008)

- 6 -

(Robinson, J.)).  That factual nexus is the alleged practice of Orta's failing to pay overtime to housekeepers who worked more than 40 hours per week.  Such a showing is sufficient to support conditional certification.  *See id.* (reaching similar conclusion on same reasoning).

At the conditional certification stage, the fact that certain plaintiffs worked for Dallas hotels other than Omni does not preclude conditional certification.  There is precedent in this district for conditionally certifying an FLSA class that consists of employees of related employers.  In *Alba v. Loncar*, 2004 WL 1144052 (N.D. Tex. May 20, 2004) (Ramirez, J.), the court conditionally certified a common class of any persons "employed by one of Defendants, at any time since June 23, 2000."  *Id.* at *5 (emphasis added) (quoting order of Judge Lynn).  Here, the record does not clearly indicate the relationship between Omni and other Dallas area hotels, but the proposed class at least shares in common a single employer: Orta.  If discovery shows that certain plaintiffs are not similarly situated due to differences in their employers, the court can decertify the class or can create subclasses.  *See Rodolico v. Unisys Corp.*, 199 F.R.D. 468, 484 (E.D.N.Y. 2001) ("If, at a later point in the litigation, the Court finds that a collective action cannot accommodate the proposed individual defenses, the Court has the discretion to create subclasses or to dismantle the collective action.") (addressing collective action under Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 et seq.)).

## C

Omni also contends that notice to the proposed class does not serve any purpose because no potential plaintiff could assert a timely FLSA claim.  Omni posits that, because

- 7 -

it did not rely on Orta to provide services after November 2013, any potential claims of housekeepers would not fall within the FLSA's statute of limitations, which, at a maximum, runs back three years from when a plaintiff files an opt-in consent form.[2]

First, plaintiffs concede in their reply that the proposed class should be "limited to the period of three years prior to the granting of Plaintiffs' Motion." Ps. Reply 10. In light of this modification, any concerns about judicial resources wasted in notifying potential plaintiffs with invalid claims fail to apply. The court follows the approach of other district courts and limits the proposed class to a three-year notice period, as plaintiffs request. *See, e.g.*, *Ramos v. Platt*, 2014 WL 3639194, at *4 (S.D.N.Y. July 23, 2014); *Perez v. De Domenico Pizza & Rest., Inc.*, 204 F.Supp.3d 494, 496 (E.D.N.Y. 2016) ("The purpose of the FLSA conditional certification motion and notice is to notify and inform those eligible to opt in to the collective action.") (internal quotation and citation omitted). Because the notice period is limited to three years, defendants are not unduly burdened on the basis that potential plaintiffs with time-barred claims will be notified.

Second, the conditional certification stage is not the appropriate time to determine whether all potential plaintiffs' claims would be time-barred under the FLSA. At present, there is conflicting evidence—primarily in the form of unsupported declarations—regarding

---

[2]29 U.S.C. § 255(a) states that an FLSA cause of action "may be commenced within two years after the cause of action accrued, and every such action shall be forever barred unless commenced within two years after the cause of action accrued, except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued." 29 U.S.C. § 255(a).

the timing of the contractual relationship between Orta and Omni.[3]   The conditional

certification stage is not "an opportunity for the court to assess the merits of the claim by

deciding factual disputes or making credibility determinations."  *McKnight v. D. Houston,*

*Inc.*, 756 F.Supp.2d 794, 802 (S.D. Tex. 2010) (Rosenthal, J.) (citing *Lynch v. United Svcs.*

*Auto. Ass'n*, 491 F.Supp.2d 357, 368 (S.D.N.Y. 2007)) ("At this procedural stage, the court

does not resolve factual disputes, decide substantive issues going to the ultimate merits, or

make credibility determinations.").   The court agrees with plaintiffs that the current

evidentiary record is thin, and further discovery is necessary to understand the relationship

between the housekeepers' various employers.  Accordingly, applying, as it must, a lenient

standard, the court holds that plaintiffs have made sufficiently substantial allegations of the

existence of similarly-situated potential plaintiffs, and that they have met the requirements

for conditional certification of the class.  The court therefore conditionally certifies a class

consisting of all current and former housekeepers employed by Orta at hotels located in the

Dallas / Fort Worth area, including those assigned to work for Omni.  This class is limited

to the period of three years prior to the granting of plaintiffs' motion.

III

Having conditionally certified the proposed class, the court now turns to the form of

notice and notice procedure required.

---

[3]For example, plaintiff Antonia Perez testifies that she worked at Omni until October
2014, but Omni's Director of Associate Services avers that none of Orta's housekeepers
performed work for Omni after November 2013.

A

The court first considers plaintiffs' proposed form of notice and consent to join form.

1

The benefits of a collective action "depend on employees receiving accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate." *Hoffmann-La Roche Inc.*, 493 U.S. at 170. Consequently, district courts must exercise their discretion regarding the form and content of the notice so as to ensure that the notice is accurate and that it includes information that would be needed to make an informed decision about whether to join the lawsuit. *Cf. id.*; *Whitehorn v. Wolfgang's Steakhouse, Inc.*, 767 F.Supp.2d 445, 450 (S.D.N.Y. 2011). "In exercising the discretionary authority to oversee the notice-giving process, courts must be scrupulous to respect judicial neutrality." *Hoffmann-La Roche Inc.*, 493 U.S. at 174.

Omni objects to plaintiffs' proposed notice form on the following grounds: (1) it implies judicial endorsement through inclusion of the court caption and lack of a specific statement that the court has taken no position on the merits[4]; (2) it does not clearly state that Omni denies the allegations in the lawsuit; and (3) the 90-day opt-in period is too long and should instead be 45 days.[5]

---

[4]Omni requests that plaintiffs provide language at the beginning of the notice stating, "the Court has not taken any position on the merits of this action." D. Resp. at 21.

[5]The court does not address Omni's objection that the notice fails to limit the number of written communications plaintiffs may have with potential plaintiffs. Because plaintiffs have not asked the court to approve any reminder notices, the propriety of such notices is not

- 10 -

2

Omni's primary objection is that the proposed notice is not neutral because it includes the caption of the court and does not explicitly state that the court has not taken a position on the merits case.  The court disagrees.

First, numerous courts in the Fifth Circuit have held that inclusion of the caption of the court in a notice does not undermine judicial neutrality.  *See, e.g.*, *Nabarrette v. Propetro Servs., Inc.*, 2016 WL 7616717, at *6 (W.D. Tex. Apr. 4, 2016) (finding no judicial endorsement concerns when plaintiff used court caption in notice);  *Chin Chiu Mak v. Osaka Japanese Rest., Inc.*, 2014 WL 222537, *4 (S.D. Tex. Jan. 21, 2014) ("Defendants' contention that the notice is improperly styled is without merit since the proposed notice includes merely the caption of the Court.") (internal citation omitted);  *Kwong v. Osaka Japanese Rest., Inc.*, 2014 WL 198493, at *5 (S.D. Tex. Jan. 15, 2014) (same).

And here, the notice specifically states, "If you join this lawsuit . . . you will be bound by any judgment entered by the Court, whether it is favorable or unfavorable . . . .  It also means that if nothing is recovered in the suit, you will recover nothing."  Proposed Notice at 2.  Omni's request for a specific disclaimer by the court is unnecessary, because the language of the notice clearly conveys that the court has not made any determination regarding the merits of the lawsuit.  The court thus concludes that the proposed notice is not

---

at issue.  The court also does not address Omni's objection that Omni should be excluded from the notice based on the three-year statute of limitations.  As the court has discussed above, plaintiffs have limited the proposed class to a notice period of three years.

- 11 -

defective on the basis that it does not maintain judicial neutrality.

3

The court also disagrees with Omni's contention that the proposed notice is deficient because it fails to describe Omni's position. Although the proposed notice does not explicitly state that Omni denies wrongdoing, the language of the notice is not "one-sided and argumentative." *Cf. Gerlach v. Wells Fargo & Co.*, 2006 WL 824652, at *4 (N.D. Cal. Mar. 28, 2006). It notes that a lawsuit has been filed and that the notice recipient may be owed a recovery. *See* Proposed Notice at 1 ("A lawsuit has been filed alleging that . . ." and "The lawsuit contends . . ." and "you may be owed . . . ."). It does not suggest that Omni acknowledges liability.

4

Omni's final objection—that a 90 day opt-in period is too long—also lacks force. District courts commonly approve notice periods of 90 days in FLSA class certification actions. *See, e.g.*, *Lopez v. Hal Collums Constr., LLC*, 2015 WL 7302243, at *7 (E.D. La. Nov. 18, 2015) (rejecting plaintiffs' request for 6 month notice period in favor of 90 day notice period); *McCloud v. McClinton Energy Grp., L.L.C.*, 2015 WL 737024, at *10 (W.D. Tex. Feb. 20, 2015) ("opt-in periods commonly range from as little as 30 to as many as 120 days," although "most courts appear to default to a notice period of 60 days."). Here, Omni has provided no reason why 45 days is less burdensome than 90 days. Nor has Omni offered an explanation for why 45 days is sufficient notice for potential plaintiffs in this particular case. The court is left to infer that Omni prefers a shorter notice period simply because it

- 12 -

hopes that fewer plaintiffs will opt in as a result.  Accordingly, the court holds that 90 days is reasonable and does not impose an undue burden on defendants.

B

Plaintiffs ask that the court approve distribution of notice and consent forms by mail, email, Facebook message, and a webpage solely dedicated to disseminating the notice.  Ps. Mot. at 13.  Plaintiffs also ask that the court order defendants to post the notice and consent forms at each defendant's office and location that employs housekeepers.  *Id*.  Omni maintains that distribution by U.S. first-class mail alone offers adequate notice.

The court finds that mailing the forms to potential class members will suffice.  Judges in this district have found that mailing notice is an adequate means of alerting potentially interested plaintiffs.  *See Barnett*, 2002 WL 1023161, at *2 ("The Court determines that mailing the notice to the potential class members, rather than also posting them at Defendants' offices, is sufficient to provide the potential opt-in plaintiffs with notice of the suit.").  Plaintiffs have shown no reason why potential plaintiffs would not be able to receive mail or why notice should also be posted at each defendant's office.

IV

Plaintiffs also request limited discovery to ensure timely notice.  They ask that the court order Orta and Omni to produce in electronic form the names, last known addresses, telephone numbers, and email addresses of potential plaintiffs.  Ps. Mot. at 14.  Omni responds that the privacy interests of potential plaintiffs outweigh the potential benefits of

- 13 -

disclosing email addresses and telephone numbers.  D. Resp. at 18.[6]

The court finds no reason to order defendants to provide email addresses or telephone numbers of potential plaintiffs.  The court follows in this case the approach it adopted in *Humphries v. Stream International, Inc.*, No. 3:03-CV-1682-D (N.D. Tex. Feb. 13, 2004) (Fitzwater, J.) (discussed in *Aguilar*).  In *Humphries*, in response to the plaintiff's request for discovery, the court required the defendant to provide plaintiff's counsel the names and last known addresses of all potential class members, because notice of the collective action was to be given by mail.  *See id*. at *7.  The court declined to require that the defendant disclose, *inter alia*, the telephone numbers of potential class members.  *Id*.  The court reasoned that "highly personal information about persons who may in fact have no interest in this litigation should not be disclosed on the thin basis that [plaintiff's] counsel desires it."  *Id*.  The court also concluded, *inter alia*, that the need for compelled disclosure of such data was outweighed by the privacy interests of potential class members, and that there was no apparent reason to conclude that sending a letter to the person's last known address would be inadequate.  *Id*.  Such reasoning also applies to the disclosure of email addresses.

Accordingly, the court directs that, within 30 days of the date this memorandum opinion and order is filed, Orta and Omni provide plaintiffs' counsel, in electronic form, the names and last known addresses of all persons who fall within the conditionally certified

---

[6]Omni also maintains that it should not be required to disclose contact information for potential class members because it neither has this information nor has the information as a "computer-readable data file."  D. Resp. at 17.  These assertions are conclusory and carry little weight.

- 14 -

class.[7]

                              *    *    *

For the reasons explained, the court grants plaintiffs' motion for conditional certification and court-facilitated notice, and it grants in part and denies it in part plaintiffs' request for limited discovery.

      **SO ORDERED**.

      November 1, 2017.


                                   _____
                                     SIDNEY A. FITZWATER
                                     UNITED STATES DISTRICT JUDGE

---

[7]The court concludes that the 10 day period that plaintiffs propose does not provide defendants adequate time to produce the requested information.